IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SUSAN NEISINGER,
    Plaintiff,

-vs-

DEUTSCHE BANK NATIONAL
TRUST COMPANY,
    Defendant.

CAUSE NO.:
A-17-CV-00555-SS

## ORDER

BE IT REMEMBERED on the 20th day of April 2018, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court is Defendant Deutsche Bank National Trust Company[1] (Deutsche Bank)'s Motion for Summary Judgment [#21], Plaintiff Susan Neisinger's Response [#24] in opposition, and Deutsche Bank's Reply [#25] thereto; as well as Deutsche Bank's Motion to Compel [#26], and Neisinger's Response [#28] in opposition. Having reviewed the documents, the governing law, the argument of the parties, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a residential foreclosure case. Plaintiff purchased her home at 1407 Newning Avenue, Austin, Texas 78704 on April 25, 2006. *See* Notice Removal [#1-1] Ex. A (Pet.) at ¶¶ 4, 7. Plaintiff financed the purchase with a loan from Long Beach Mortgage Company, evidenced by a note secured by a deed of trust. *Id.*; Mot. Summ. J. [#21-2] Ex. B (Deed of Trust); Mot. Summ. J. [#21-1] Ex. A-1 (Note). Washington Mutual Bank succeeded to Long

---

[1] Defendant clarifies its proper name is Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2006-5, Asset-Backed Certificates, Series 2006-5. *See* Mot. Summ. J. [#21] at 1, n.1.

Beach Mortgage Company's assets, including the Deed of Trust. *See* Mot. Summ. J. [#21] at 3. JPMorgan Chase Bank, N.A. acquired Washington Mutual Bank's assets after the bank's failure in 2008. *See* id; *see also* Mot. Summ. J. [#21-5] Ex. E; Mot. Summ. J. [#21-1] Ex. A-2. (Power of Attorney). In 2010, the Deed of Trust was assigned to Deutsche Bank. *See* Mot. Summ. J. [#21-3] Ex. C (Deutsche Bank Assignment).

Deutsche Bank's sub-servicer, Select Portfolio Servicing, Inc. (SPS), mailed Plaintiff a notice of default on February 4, 2016. *See* Mot. Summ. J. [#21-1] Ex. A-4 (Default Notice). Plaintiff failed to cure her default. On May 15, 2017, Deutsche Bank mailed Plaintiff a notice of acceleration and a notice of foreclosure sale scheduled for June 6, 2017, using United States Postal Service (USPS) certified mail. *See* Mot. Summ. J. [#21-6] Ex. F-1 (Acceleration Notice); Ex. F-2 (Foreclosure Sale Notice). The Foreclosure Sale Notice was also recorded in the Travis County real property records on May 15, 2017. *See* Foreclosure Sale Notice at 2.

On May 30, 2017, Plaintiff filed this lawsuit in the 201st Judicial District Court of Travis County, Texas. *See* Pet. Plaintiff asserts claims for violation of the Texas Debt Collection Practices Act (TDCPA) and anticipatory breach of contract, in addition to requesting declaratory and injunctive relief. Deutsche Bank removed the case to this Court on June 9, 2017, invoking the Court's diversity jurisdiction. *See* Notice Removal [#1].

Deutsche Bank now moves for summary judgment on all claims. *See* Mot. Summ. J. [#21]. Deutsche Bank also requests the Court compel Plaintiff's responses to unanswered discovery requests. *See* Mot. Compel [#26]. Both motions are ripe for consideration.

## Analysis

The Court first addresses Deutsche Bank's motion for summary judgement, followed by its motion to compel.

I.   **Summary Judgment**

A.   **Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers*

*Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## B. Application

Deutsche Bank argues it is entitled to summary judgment on all asserted claims. Each claim is addressed in turn below.

### 1. TDCPA claim

Deutsche Bank alleges Plaintiff has no viable TDCPA claim because the Deed of Trust was properly assigned to Deutsche Bank prior to its foreclosure efforts. *See* Mot. Summ. J. [#21] at 5–10. Plaintiff offers no argument in response.

The Court agrees Deutsche Bank is entitled to summary judgment on this claim. Plaintiff's TDCPA claim is premised on Deutsche Bank's foreclosure of a debt it allegedly has not been assigned. Pet. at ¶¶ 15, 16. As Deutsche Bank notes, however, the Deed of Trust underlying Plaintiff's mortgage was assigned to Deutsche Bank as evidenced by the duly recorded Deutsche Bank Assignment. Plaintiff does not rebut this evidence, and thus Deutsche Bank is entitled to dismissal of Plaintiff's TDCPA claim.

4

## 2. Anticipatory breach of contract claim

Deutsche Bank argues Plaintiff's anticipatory breach of contract claim fails because proper notice of the foreclosure sale was made to Plaintiff. *See* Mot. Summ. J. [#21] at 10–13. In response, Plaintiff challenges whether Deutsche Bank complied with the 21-day notice requirement of Texas Property Code § 51.002. *See* Resp. [#24] at 2–4.

Claims for anticipatory breach of contract require: "(1) an absolute repudiation of an obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239 (5th Cir. 2014) (quoting *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir.2004)).

Plaintiff's claim for anticipatory breach of contract fails for multiple reasons. First, Plaintiff relies exclusively on a statutory notice requirement for a breach of contract claim. Plaintiff fails to relate the notice requirement in Texas Property Code § 51.002 to any contractual obligations owed by Deutsche Bank. *See Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) (affirming dismissal of anticipatory breach of contract claim because "there any basis to infer from the lender's conduct a positive and unequivocal repudiation *of the contract*" (emphasis added)). Plaintiff has offered no legal support for the proposition that a statutory obligation may be used to support an anticipatory breach of contract claim.

Second, Plaintiff fails to raise a genuine issue of material fact on the alleged breach in this case—the timing of Deutsche Bank's Foreclosure Sale Notice. Section 51.002 requires such notices be served "at least 21 days before the date of the sale by . . . certified mail on each debtor." *See* TEX. PROP. CODE § 51.002(b). Service of notice "by certified mail is complete when the notice is deposited in the United States mail, postage prepaid," and an "affidavit of a

5

person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* at § 51.002(e).

Deutsche Bank has presented *prima facie* evidence of timely service the Foreclosure Sale Notice with the sworn affidavit of Philip C. Reeves. *See* Mot. Summ. J. [#21-6] Ex. F (Reeves Aff.). Reeves is an attorney with Shapiro Schwarz LLP, the law firm that mailed the Acceleration Notice and Foreclosure Sale Notice to Plaintiff on behalf of Deutsche Bank. *Id.* at ¶ 3. In his affidavit, Reeves states he is familiar with the firm's standard business practices and recordkeeping systems, and also has "personal knowledge regarding the default servicing of activities related to the Note." *See id.* at ¶ 5. Reeves attests that on May 15, 2017, his law firm "deposited in United States mail, postage prepaid, by certified and regular mail" the Acceleration Notice and Foreclosure Sale Notice for delivery to Plaintiff. *See id.* at ¶ 5. Plaintiff's reliance on USPS tracking information does not create a genuine issue of material fact as to when the Foreclosure Sale Notice was deposited in the USPS mail. *See* Resp. [#24] at 6 (citing USPS website "Arrived at USPS Destination Facility AUSTIN, TX 78710" on "May 17, 2017, 3:27 pm"). When the Foreclosure Sale Notice arrived in Austin in its journey from Houston does not rebut Deutsche Bank's evidence the notice was timely deposited in the mail on May 15, 2017.

Third, Plaintiff fails to allege any damages resulting from Deutsche Bank's actions. Indeed, Deutsche Bank did not proceed with the foreclosure sale after Plaintiff commenced this suit.

Finally, Plaintiff cannot use a claim for anticipatory breach of contract to avoid the consequences of her own default on the mortgage loan agreement with Deutsche Bank. *See Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013)

6

(stating anticipatory breach of a contract claim "cannot excuse the consequences of Appellants' prior breach").

For these reasons, Deutsche Bank is entitled to summary judgment on Plaintiff's anticipatory breach of contract claim.

### 3. Injunctive and declaratory relief

Deutsche Bank avers Plaintiff's request for injunctive and declaratory relief should also be dismissed because Plaintiff has presented no viable causes of action in this case. *See* Mot. Summ. J. [#21] at 13–14. Plaintiff again offers no argument in response.

The Court agrees dismissal of Plaintiff's request for injunctive and declaratory relief is warranted because Plaintiff has failed to assert an actionable claim for relief. *See Smitherman v. Bayview Loan Servicing, LLC,* 16-20560, 2018 WL 1176480, at *4 (5th Cir. Mar. 6, 2018); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003).

## II. Motion to Compel

Deutsche Bank also requests the Court compel Plaintiff's responses to its discovery requests. *See* Mot. Compel [#26]. Deutsche Bank served Plaintiff with discovery requests on October 31, 2017. *Id.* at 2. Plaintiff did not respond to Deutsche Bank's discovery requests. On December 8, 2017, Counsel for Deutsche Bank notified Plaintiff's counsel of the missed response deadline. *Id.* Plaintiff still did not respond to the discovery requests. Deutsche Bank filed its motion for summary judgment on January 18, 2018. On March 19, 2018, Deutsche Bank filed the instant motion to compel Plaintiff's responses to overdue discovery. Over a month after Deutsche Bank's motion and the day before the Court's hearing on the matter, Plaintiff filed a response indicating she has started responding to Deutsche Bank's discovery

7

requests. *See* Resp. [#28]. Plaintiff offered no excuse for failing to timely respond to Deutsche Bank's discovery requests.

Deutsche Bank's motion to compel is moot in light of the summary judgment rulings above. However, Plaintiff's failure to participate in discovery provides an alternative basis for dismissing this case under Federal Rule of Civil Procedure 37. The Court will consider a motion for sanctions and/or attorneys' fees on this matter.

**Conclusion**

Accordingly,

IT IS ORDERED that Defendant Deutsche Bank's Motion for Summary Judgment [#21] is GRANTED and all of Plaintiff's claims are dismissed WITH PREJUDICE; and

IT IS FINALLY ORDERED that Defendant Deutsche Bank's Motion to Compel [#26] is DISMISSED as moot.

SIGNED this the 26th day of April 2018.

　　　　　　　　　　　　　　　/s/ Sam Sparks
　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE